# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| THOMAS JOHN MUMFORD, | |
| Movant, | CIVIL ACTION NO.: 2:20-cv-22 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 2:12-cr-11) |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Thomas Mumford ("Mumford"), who is currently housed at the Federal Correctional Institution in Seagoville, Texas, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Doc. 1.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Mumford's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Mumford *in forma pauperis* status on appeal and a Certificate of Appealability.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Mumford his suit is due to be dismissed.  As indicated below, Mumford will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

Mumford was charged by indictment with one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  United States v. Mumford, 2:12-cr-11 ("Crim. Case"), Doc. 1.  Mumford and the Government notified the Court on October 1, 2012, they had entered into a plea agreement.  Crim. Case, Dkt. entry dated Oct. 1, 2012.  On October 18, 2012, the Honorable Lisa Godbey Wood conducted a change of plea, or Rule 11, proceeding, during which Mumford pleaded guilty to the distribution of child pornography count.  Crim. Case, Docs. 18, 21, 34.  Judge Wood sentenced Mumford to 210 months' imprisonment on May 13, 2013, and judgment was entered on May 14, 2013.  Crim. Case, Docs. 27, 28, 35.  Mumford did not file a direct appeal.  He did, however, file a motion for copies and transcripts on October 29, 2013, and a motion for extension of time to file a § 2255 motion on May 12, 2014.  Crim. Case, Docs. 31, 32.  Judge Wood denied Mumford's motion for extension by Order dated June 13, 2014.  Crim. Case, Doc. 33.

Mumford signed his § 2255 Motion on January 8, 2020, and it was filed in this Court on March 2, 2020.  Doc. 1.  In his Motion, Mumford raises claims of mental competency, sufficiency of evidence, and ineffective assistance of counsel.  Id.

## DISCUSSION

**I.     Whether Mumford's Motion is Timely**

To determine whether Mumford filed his § 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations period.  Motions made pursuant to § 2255 are subject to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of:

>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Mumford was sentenced to 210 months' imprisonment on May 13, 2013, and the Court's final judgment was entered on May 14, 2013. Crim. Case, Docs. 27, 28. Mumford had 14 days, or until May 28, 2013, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Mumford did not file an appeal, he had until May 28, 2014, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). Perhaps recognizing the one-year limitations period's expiration, Mumford filed a motion for an extension of time to file a § 2255 motion on May 12, 2014. Crim. Case, Doc. 32. This Court denied his motion on June 13, 2014. Crim. Case, Doc. 33. Mumford filed nothing with this Court for several years and did not execute his § 2255 Motion until January 8, 2020, which was nearly six years after the expiration of the applicable statute of limitations period. Consequently, Mumford's Motion is untimely under § 2255(f)(1). Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at

3

bar) is untimely, just as if a year late.") (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999)).

Mumford fails to argue he is entitled to the statute of limitations period set forth in § 2255(f)(2) or (3). Mumford states the statute of limitations period does not bar his claim, ostensibly under § 2255(f)(4), and states he has a mental competency issue which is newly discovered. Doc. 1 at 10. However, in his supporting memorandum, Mumford states the Court had a "duty and obligation" to stop the plea and sentencing proceedings for him to undergo a competency evaluation after he informed the Court he is described as being "high functioning, autism spectrum." Doc. 1-1 at 1. Indeed, Mumford informed the Court of this diagnosis during his October 18, 2012 plea hearing and his May 13, 2013 sentencing hearing. Crim. Case, Docs. 34, 35. However, there was no evidence presented to the Court indicating this diagnosis prevented Mumford from appreciating the gravity of his criminal proceedings or interfered with his ability to appeal or file a timely motion under § 2255. Id. More importantly for the Court's discussion under § 2255(f)(4) is Mumford's assertion any mental competency issues were newly discovered. Not only is this assertion contradicted by the record, Mumford fails to show he was diligent in his pursuit of this claim. Mumford is not entitled to the limitations period of § 2255(f)(4). Thus, the Court must now determine whether Mumford is entitled to equitable tolling of the applicable statute of limitations period.

## II.     Whether Mumford is Entitled to Equitable Tolling

The applicable limitations period is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

4

stood in his way and prevented him from timely filing.'" Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649). Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). "The [movant] bears the burden of proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both." Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)); Damren v. Florida, 776 F.3d 816, 821–22 (11th Cir. 2015).

Mumford fails to show he was pursuing his rights diligently and some extraordinary circumstance prevented him from executing his § 2255 Motion prior to January 8, 2020. Consequently, Mumford is not entitled to the equitable tolling of the applicable statute of limitations period, and his § 2255 Motion is time barred. Thus, the Court should **DISMISS** Mumford's § 2255 Motion.

### III.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Mumford leave to appeal *in forma pauperis*. Though Mumford has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th

Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Mumford's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Mumford a Certificate of Appealability, Mumford is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Mumford's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Mumford a Certificate of Appealability and *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely,

written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 20th day of May, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA